

EVAN K. FARBER
Partner

345 Park Avenue
New York, NY 10154

Direct 212.407.4018
Main 212.407.4000
Fax 646.619.4728
efarber@loeb.com

Via ECF and Email
(CrottyNYSDChambers@nysd.uscourts.gov) 10/18/22

October 7, 2022

Hon. Paul A. Crotty, U.S.D.J.
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

*The application is DENIED
So ordered
Paul A Crotty
USDJ*

Re: *Enzo Biochem, Inc. v. Harbert Discovery Fund, LP*, Case No. 20 Civ. 9992 (PAC) (JLC)

Dear Judge Crotty:

This firm represents Third Party Defendants Elazar Rabbani and Barry W. Weiner in the above-captioned lawsuit. Pursuant to Rule 7.A of Your Honor's Individual Practices, this letter is to address the documents filed under seal concurrently herewith in support of Dr. Rabbani and Mr. Weiner's Cross-Motion to Compel. Specifically, we have filed under seal the Settlement Agreement entered into between Plaintiff Enzo Biochem, Inc. ("Enzo") and Defendants/Counterclaim-Plaintiffs Harbert Discovery Fund, LP and Harbert Discovery Co-Investment Fund I, LP ("Harbert") in this action (the "Settlement Agreement"), and have redacted substantive references to the terms of the Settlement Agreement in the accompanying Memorandum of Law.

As Your Honor will recall, on July 18, 2022, counsel for Dr. Rabbani and Mr. Weiner filed a letter requesting a pre-motion conference on the instant Cross-Motion. *See* ECF #110. In the pre-motion letter, Dr. Rabbani and Mr. Weiner explained that they had raised concerns regarding the validity of the Settlement Agreement, yet Enzo and Harbert had refused to even share a final, execution version of the Settlement Agreement. The next day, Enzo's counsel finally provided Dr. Rabbani the final, execution version of the Settlement Agreement – purportedly not in response

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



Hon. Paul A. Crotty, U.S.D.J.
October 7, 2022
Page 2

to the pre-motion letter, but rather solely in Dr. Rabbani's capacity as an Enzo director. Enzo's counsel instructed that "the agreement includes a confidentiality provision, and the agreement should be treated in accordance with the terms of that provision."[1] Two days later, Enzo filed a letter opposing Dr. Rabbani and Mr. Weiner's pre-motion letter, which reiterated that the Settlement Agreement "has been provided [to Dr. Rabbani] in his capacity as a director of Enzo and with a request to request [sic] the confidentiality provisions in the agreement." ECF #112. The Settlement Agreement contains several provisions that are plainly disadvantageous to Enzo, and some that are highly prejudicial to Dr. Rabbani and Mr. Weiner individually.

At a pre-motion conference on September 22, 2022, the Court granted Dr. Rabbani and Mr. Weiner leave to file the Cross-Motion. The Settlement Agreement is crucial to the resolution of the Cross-Motion; thus, we have filed it as an exhibit and discussed it in the accompanying Memorandum of Law. The document and related references are filed under seal, however, solely in order to avoid any accusation that Third Party Defendants violated the confidentiality obligations imposed by Enzo. To be clear, Third Party Defendants do not believe that confidential treatment is appropriate, but through this filing under seal they have adhered to any purported confidentiality obligations.

The analysis for determining whether a judicial document may be sealed is governed by *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Documents may be sealed only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "There is a long-established general presumption

---

[1] Declaration of Evan K. Farber dated October 7, 2022 (filed concurrently herewith), Ex. A.

in favor of public access to judicial documents[,]" which is "based on the need for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods.*, No. 1:19-cv-3766-GHW, 2020 U.S. Dist. LEXIS 243807, at *4 (S.D.N.Y. Dec. 29, 2020) (internal citations, alterations, quotation marks omitted).

There is nothing in the Settlement Agreement that warrants confidential protection from Enzo's shareholders or the public at large. The only purported basis to overcome the presumption in favor of public access to judicial documents is the Settlement Agreement's confidentiality provision, but it has been well established that such a provision is insufficient. *See id.*, at *9 (declining to seal relevant settlement agreement despite confidentiality provision because "[c]ourts in this district have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents"); *Michael Rapaport & Michael David Prods. v. Barstool Sports, Inc.*, No. 18 Civ. 8783 (NRB), 2020 U.S. Dist. LEXIS 38523, at *5-6 (S.D.N.Y. Mar. 2, 2020) ("[I]f the Court was to find that the [] confidentiality provision rebutted the presumption of public access, then it would . . . sanction a loophole under which contracting parties could . . . thwart the common law right of public access to judicial documents that is said to predate the Constitution.") (internal citations, alterations, quotation marks omitted).

We appreciate the Court's time and consideration of this matter.

Respectfully Submitted,

*/s/ Evan K. Farber*

Evan K. Farber

Cc: All Counsel of Record