UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X
                                :

ENZO BIOCHEM, INC.,             :

                 *Plaintiff,*     :

    *-against-*             :              20-cv-9992 (PAC)

HARBERT DISCOVERY FUND, LP,  :

HARBERT DISCOVERY CO-      :             **OPINION & ORDER**

INVESTMENT FUND I, LP,       :

HARBERT FUND ADVISORS, INC.,  :

HARBERT MANAGEMENT CORP.,  :

and KENAN LUCAS,          :

                           :

              *Defendants.*   :
-------------------------------------------------X

       Counter-Plaintiffs Harbert Discovery Fund, LP and Harbert Discovery Co-Investment Fund I, LP (collectively, "Harbert") move to voluntarily dismiss without prejudice the remaining counterclaims against Counter-Defendants Dr. Elazar Rabbani and Barry W. Weiner (collectively, "Counter-Defendants"). Counter-Defendants oppose the dismissal and move to compel discovery regarding the settlement Harbert previously entered with Enzo Biochem, Inc. ("Enzo"), the former plaintiff in this case. Counter-Defendants' motion is **DENIED**, and Harbert's motion is **GRANTED**.

**Background**

       The Court previously articulated the facts of this case in its orders on the parties' motions to dismiss, *see Enzo Biochem, Inc. v. Harbert Discovery Fund, LP* ("*Enzo I*"), No. 20-CV-9992 (PAC), 2021 WL 4443258 (S.D.N.Y. Sept. 27, 2021); *Enzo Biochem, Inc. v. Harbert Discovery Fund, LP* ("*Enzo II*"), No. 20-CV-9992 (PAC), 2021 WL 5854075 (S.D.N.Y. Dec. 9, 2021), and only briefly reiterates them here. Harbert is a collection of affiliated investment funds based in

1

Birmingham, Alabama. *Enzo I*, 2021 WL 4443258, at *1. Beginning in 2018, Harbert expressed interest in investing in Enzo, a biotechnology company based in New York. *Id.* By 2019, Harbert owned 12% of Enzo's shares. *Id.*

As a shareholder, Harbert requested, among other things, "that Enzo replace two of its incumbent directors with nominees selected by Harbert." *Id.* After internal discussions between Harbert and Enzo regarding Harbert's requests proved unsuccessful, in September 2019, Harbert launched a proxy contest to fill two Board seats at the 2019 Annual Meeting of Shareholders ("2019 Meeting"), set to occur on January 31, 2020. *Id.* at *2. Harbert additionally produced three proxy solicitations for fellow shareholders in anticipation of the meeting. *Id.* Three days prior to the 2019 meeting, Enzo announced that it would postpone the meeting from January 31 to February 25; it also proposed to shareholders (again, among other things) expanding the Board of Directors. *Id.* When the meeting finally occurred on February 25, shareholders voted the Harbert-backed directors into power and rejected Enzo's Board expansion proposal. *Id.* at *3.

On November 27, 2020, Enzo filed suit, alleging that solicitations made by Harbert in the lead up to the 2019 proxy contest solicitations contained statements in violation of Section 14(a) of the Exchange Act. *Id.* at *1. In response, Harbert filed counterclaims against Enzo and the individual members of the Enzo Board—Rabbani, Weiner, Perlysky, Hanna, and Fischer—alleging violations of Sections 14(a) and 20(a) of the Exchange Act and several breaches of fiduciary duties. *Enzo II*, 2021 WL 5854075, at *4.

Both Enzo and Harbert filed motions to dismiss, and in both cases the Court granted in part and denied in part.[1] Since then, the parties have participated in lengthy settlement negotiations.

---

[1] This Court denied most of Harbert's motion to dismiss Enzo's Section 14(a) claims. *Enzo I*, 2021 WL 4443258, at *13. The Court granted Enzo's motion to dismiss Harbert's breach of fiduciary duty claims based on Enzo's "alleged interference with the [Harbert's] Nominees' efforts

On June 7, 2022, Harbert, Enzo, and several individual Board members settled, and the Court ordered a stipulation of dismissal of most of the claims. ECF Nos. 98–100. The only claims remaining are two counterclaims filed by Harbert against Rabbani and Weiner pertaining to the 2019 Proxy season. Harbert's MOL at 5 n.3, ECF No. 103. Neither Rabbani nor Weiner remains an officer at Enzo, but Rabbani remains a member of the Enzo Board.

Harbert has now moved to voluntarily dismiss the claims without prejudice. Counter-Defendants oppose that motion, raising questions about the settlement Harbert entered with Enzo and the other individual Board Members. Counter-Defendants additionally cross move for discovery into that settlement so that they may "seek to invalidate the settlement agreement as collusive, taken in bad faith, contrary to Enzo's contractual and fiduciary obligations to its director, its former officers, and its shareholders." Counter-Defs.' MOL at 6–7, ECF No. 123.

## DISCUSSION

Once a defendant has answered a complaint, a plaintiff may no longer dismiss his suit as a matter of right. *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996). The Federal Rule of Civil Procedure 41(a) provides that at that time, a plaintiff may only dismiss an action either by (1) "a stipulation of dismissal signed by all parties who have appeared"; or (2) "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a). "Voluntary dismissal without prejudice is thus not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). Despite this, courts favor a broad approach to Rule 41(a)(2) motions for dismissal by court order. A plaintiff has "the unqualified right to dismiss his complaint at law . . . unless some

---

as directors; its decision to sue its shareholder; and its rejection of Rabbani's resignation." *Enzo II*, 2021 WL 5854075, at *9, 12. It denied the motion with respect to Harbert's claims of violations of federal securities law and bad faith and deception with respect to the 2019 Proxy Season. *Id.* at *12.

plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter." *Jones v. Sec. & Exch. Comm'n*, 298 U.S. 1, 19 (1936).

Additionally, the Second Circuit articulated several factors in *Zagano* that a Court should consider on a Rule 41(a)(2) motion. These include "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." 900 F.2d at 14.

### A. The *Zagano* Factors

The Court finds that all five *Zagano* factors weigh in favor of dismissal without prejudice. First, Harbert was clearly diligent in moving to dismiss. A valid measure of diligence includes "whether a plaintiff moved to dismiss the complaint without prejudice within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action." *United States v. Any & All Funds on deposit at JPMorgan Chase*, No. 12 CIV. 7530 GBD, 2013 WL 5511348, at *2 (S.D.N.Y. Oct. 2, 2013) (quoting *Ascentive, LLC v. Opinion Corp.*, 10 Civ. 4433, 2012 WL 1569573 (E.D.N.Y. May 3, 2012)). Here, Harbert's motion to dismiss stems from its settlement of all other claims in this litigation. The claims were dismissed on June 7, 2022, and Harbert filed this present motion on June 20, 2022. Two weeks is a reasonable amount of time in which to file the motion, rendering Harbert's response prompt.

Nor is there any indication of any undue vexatiousness on Harbert's part. "Vexatiousness is usually used to describe situations where the case was brought to harass the defendant or the plaintiff otherwise illustrates an ill-motive." *JPMorgan Chase*, No. 12 CIV. 7530 GBD, 2013 WL 5511348, at *3 (internal quotations omitted). As a threshold matter, it is unlikely Harbert brought *counterclaims*, in a suit it did not initially file, for the sole purpose of harassing Counter-

4

Defendants, as it was not the initial instigator of this action. Further, Harbert has indicated that it is dismissing these counterclaims because they represent a fraction of the claims (otherwise settled) that were at issue in this case.

Counter-Defendants have not pointed to any specific, relevant reason to believe that Harbert is using these claims to harass them. *Shaw Fam. Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05 CV 3939 (CM), 2008 WL 4127549, at *7 (S.D.N.Y. Sept. 2, 2008) (requiring "specific evidence of vexatious conduct"). They highlight a prior suit Harbert brought against them in 2020 to illustrate Harbert's highly litigious nature. But the mere fact that Harbert previously filed similar litigation does not, in itself, constitute undue vexatiousness. *See Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, No. 90 CIV. 1476 (MJL), 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997) ("[A]bsent concrete evidence of any ill-motive on Plaintiff's part, the Court declines to label Plaintiff's conduct 'vexatious.'"); *see also Reynolds v. OneWest Bank*, FSB, No. 5:11-CV-81, 2011 WL 5357503, at *3 (D. Vt. Nov. 7, 2011). Further, the Court finds meaningful distinctions between the two lawsuits. Harbert filed the first action after Enzo moved the 2019 Meeting, and voluntarily dismissed the case "in the best interests of Harbert and [Enzo]." *Harbert Discovery Fund, LP v. Enzo Biochem, Inc.*, 20-cv-01021, ECF No. 42 at 2. By contrast, *Enzo* instigated this present action, and Harbert filed its counterclaims in *response.* Thus, neither action is proof of "vexatiousness."

The third *Zagano* factor—the extent to which the suit has progressed— is well established as the most important and further favors Harbert. *Baldanzi v. WFC Holdings Corp.*, No. 07-CV-9551 (LTS), 2010 WL 125999, at *4 (S.D.N.Y. Jan. 13, 2010) ("Courts applying the *Zagano* factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if

forced to relitigate."). Counter-Defendants previously filed a motion to dismiss these counterclaims, which the Court granted in part and denied in part on December 9, 2021. *Enzo II*, 2021 WL 5854075, at *12. Apart from initial disclosures, discovery has not occurred in this case because the parties have focused their energies on settlement. Thus, despite over two years pending, this case has not progressed to a level where dismissal would cause legal prejudice. *See Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 CIV. 9649 (JFK), 2006 WL 3456521, at *6 (S.D.N.Y. Nov. 30, 2006) (dismissing where there was no indication the parties "spent significant resources in discovery and preparing for trial on the remaining claims").

Similarly, there is no reason to believe that there will be a significant level of duplicative expense to future litigation. The Court's Order here will be binding on a subsequent court, so there is no reason to believe that the parties would have to repeat any aspect of this litigation at a later date. *See RQ Innovations, Inc. v. Carson Optical, Inc.*, No. 19CV3886, 2021 WL 1075185, at *5 (E.D.N.Y. Feb. 4, 2021) ("Defendants will be able to use much of whatever work they have done in this action to defend against any subsequent action in the unlikely event that [Plaintiff] files another lawsuit against Defendants in this or another court based on the same conduct alleged in the Complaint."), *report and recommendation adopted*, No. 19CV3886, 2021 WL 1062419 (E.D.N.Y. Mar. 18, 2021).

Finally, Harbert has provided an adequate explanation as to why it wants to dismiss its claims. "When analyzing this factor, courts inquire into whether a plaintiff offers a reasonable explanation for why he wishes to have his remaining claims voluntarily dismissed without prejudice. Courts may consider both stated and unstated explanations." *Stinson v. City Univ. of New York*, No. 18-CV-5963 (RA), 2020 WL 2133368, at *5 (S.D.N.Y. May 4, 2020) (cleaned up). Adequacy of an explanation is rarely dispositive where the other *Zagano* factors are met. *See id.*

Harbert's claims concern the 2019 Proxy Season, and the Board is now over two years removed from the facts underlying the claim. The Directors elected at the 2019 meeting resigned years ago, fewer than nine months after they were elected, *Enzo II*, 2021 WL 5854075, at \*3, and Enzo has seen a significant turnover in leadership since then, *see* Harbert MOL at 5. At this point, the crux of Harbert's complaints have been resolved, and there is no indication that Harbert is seeking to avoid an adverse action in this litigation. *See Thornton v. Young*, No. 20 CIV. 10606 (ER), 2022 WL 14116750, at \*4 (S.D.N.Y. Oct. 24, 2022) (finding adequate a plaintiff's explanation that he was dismissing because "he now wishes to do so," absent any showing that he feared an adverse action); *Banco Cent. De Paraguay*, 2006 WL 3456521, at \*7.

On this point, the case Counter-Defendants cite—*Pac. Elec. Wire & Cable Co. v. Set Top Int'l Inc.*, No. 03 CIV. 9623JFK, 2005 WL 236515, at \*1 (S.D.N.Y. Feb. 1, 2005)—is distinguishable. For one, in *Pacific Electric*, the plaintiffs' motion failed based on its inability to satisfy *any* of the *Zagano* factors. *Id.* Indeed, the plaintiffs had assured the court that they would continue to pursue the claims, and discovery had occurred at great expense to the parties. *Id.* No facts here support a similar outcome. All the *Zagano* factors thus weigh in favor of dismissal.

### B. Legal Prejudice

The Court also must determine whether Counter-Defendants will suffer legal prejudice if the Court grants Harbert's motion. Legal prejudice requires that "the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action." *Paulino v. Taylor*, 320 F.R.D. 107, 109–10 (S.D.N.Y. 2017) (citation omitted). Counter-Defendants' main arguments are that they will suffer legal prejudice because (1) Harbert is likely to sue them again and (2) the settlement agreement between the other parties was collusive and prejudicial to their interests.

Counter-Defendants' first argument fails. "It is well established that 'the mere prospect of a second litigation upon the subject matter' does not constitute legal prejudice." *Accurate Grading Quality Assur., Inc. v. KGK Jewelry*, LLC, No. 12 CIV. 1343 KPF DF, 2014 WL 3302303, at *3 (S.D.N.Y. July 7, 2014) (quoting *Jones*, 298 U.S. at 19); *see also Rhoden v. Mittal*, No. 18-CV-6613-LDH-SJB, 2020 WL 8620716, at *3 (E.D.N.Y. Oct. 26, 2020) ("The harm from such a future lawsuit is tangible—including inconvenience, cost, and harassment—but insufficient to warrant a dismissal with prejudice."), *report and recommendation adopted*, No. 18-CV-6613-LDH-SJB, 2021 WL 857396 (E.D.N.Y. Feb. 23, 2021). The idea that Harbert will relitigate these claims later is not enough to sustain this lawsuit.

Counter-Defendants' second justification essentially tracks its motion to compel discovery in this case; thus, the Court addresses the argument in tandem with its determination on that motion. Counter-Defendants list several alleged deficiencies of the settlement between Enzo and Harbert and note that the Court has broad discretion to continue this litigation to allow Counter-Defendants to investigate the settlement.[2] Counter-Defendants do not cite, however, to any reasons why their desire for discovery into the settlement could not be brought in another court, particularly when neither Counter-Defendant has actually filed a claim against Harbert. *See Thornton*, 2022 WL 14116750, at *4 ("[T]hat [Defendant], who has not filed a counterclaim, merely wants to conduct discovery relevant to claims she *might* bring at a later time is not a legally

---

[2] No case Counter-Defendants cite addresses this matter. In their motion, Counter-Defendants rely mostly on cases where a Court declines to approve a class action settlement, *see Velazquez v. Yoh Servs.*, LLC, No. 17 CIV. 00842 (CM), 2017 WL 4404470 (S.D.N.Y. Sept. 25, 2017); *Altman v. Liberty Equities Corp.*, 54 F.R.D. 620, 622 (S.D.N.Y. 1972), or where parties *bound* by a settlement see to enforce or invalidate its terms, *see Illuminex Diamonds Corp. v. Chou*, No. 18 CIV. 1751 (PGG), 2022 WL 204219, at *1 (S.D.N.Y. Jan. 24, 2022); *BCM Dev., LLC v. Oprandy*, 490 F. App'x 409 (2d Cir. 2013). Here, Counter-Defendants are non-parties to the settlement seeking discovery into a *potential motion* at the end the litigation, making it distinguishable.

sufficient basis for denying a motion to dismiss under Rule 41(a)(2)."); *see also Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15CIV0293LTSJCF, 2017 WL 2889501, at *1 n.2 (S.D.N.Y. July 6, 2017) ("[D]iscovery is not available for likely, anticipated, or potential claims or defenses." (quotations omitted)). Indeed, as both parties note, Counter-Defendants may have the right to obtain these documents in another proceeding. *See Cohen v. Cocoline Prod.*, 127 N.E.2d 906, 907 (N.Y. 1955) (noting that, under New York law, directors have an "absolute, unqualified right" to inspect corporate books and records); *Murphy v. Fiduciary Couns., Inc.*, 336 N.Y.S.2d 913, 914 (1972), *aff'd*, 300 N.E.2d 154 (N.Y. 1973) ("A former director may have a qualified right to inspect the corporate books and records covering the period of his directorship whenever the director can make a proper showing . . . that such inspection is necessary to protect his personal responsibility interest, as well as the interest of the stockholders."). Therefore, the Court sees no reason to rebut the presumption that Harbert's claims should be voluntarily dismissed without prejudice, and Counter-Defendants' motion is **DENIED**.[3]

## CONCLUSION

For the foregoing reasons, this Court **GRANTS** Harbert's motion for voluntary dismissal without prejudice and **DENIES** Counter-Defendants' motion to compel discovery. The Clerk of Court is directed to terminate the motions at ECF Nos. 102 and 122 and close this case.

Dated: New York, New York
December 1, 2022

SO ORDERED

*[signature]*

HONORABLE PAUL A. CROTTY
United States District Judge

---

[3] Despite the parties' request for conditional dismissal in the alternative, the Court sees no reason to condition the dismissal of these claims. There is a presumption in favor of dismissal without prejudice absent a showing of legal prejudice, and the circumstances of this case do not warrant a departure from that presumption. *See Thornton*, 2022 WL 14116750, at *5.